UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JERMAINE SPEED, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00111-JPH-MKK |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

After he entered a plea of guilty in the United States District Court for the Central District of Illinois on narcotics offenses, Jermaine Speed was sentenced to a term of 18 years in federal prison and eight years of supervised release. *See United States v. Speed*, 811 F.3d 854 (7th Cir. 2016). Speed filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while serving that sentence at the United States Penitentiary, Terre Haute, which is located in the Southern District of Indiana. Speed argues that his sentence was improperly enhanced in light of the holding in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). Dkt. 1 at 2. For the reasons explained below, Speed is not entitled to relief under § 2241 because *Ruth* does not present a new rule that Speed could not have raised in his direct appeal or in his original § 2255 motion.

**I.  Factual and Procedural Background**

In September 2014, Speed was charged in the Central District of Illinois with four separate counts of distributing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). *United States v. Speed*, No. 2:14-cr-20056-SEM-TSH-1 (S.D. Ill. 2015) (hereinafter "Crim. Dkt."). The United States filed an Information establishing Speed had prior felony drug convictions. Crim.

Dkt. 12. As a result of this Information, Speed's statutory minimum prison sentence increased from five to ten years, and the statutory maximum prison sentence increased from forty years to life. § 841(b)(1)(B)(iii).

Speed pled guilty to Count 4, distribution of crack cocaine. Crim. Dkt. 13. In exchange, the United States agreed to dismiss Counts 1-3 after sentencing and move to apply a three-level acceptance of responsibility reduction. *Id.*

A presentence report was prepared. Dkt. 15 (hereinafter "PSR"). Speed was found to be a career offender based on his Illinois controlled substance convictions.[1] PSR ¶ 25 (citing U.S.S.G. 4B1.1). Speed's guideline imprisonment range was calculated as 262 to 327 months. PSR ¶ 69.

The Court sentenced Speed to a below-guidelines sentence of 216 months in prison, to be followed by eight years of supervised release. Crim. Dkt. 34.

Speed appealed. He argued without success that the sentencing court erred by imposing special supervised release conditions that did not comply with 18 U.S.C. § 3583(d). *See United States v. Speed*, 811 F.3d 854 (7th Cir. 2016). Speed then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his trial and appellate counsel were ineffective. His motion was denied. *Speed v. United States*, No. 16-cv-2168 (C.D. Ill. 2016); *Speed v. United*

---

[1] Speed's criminal history includes the following four convictions:

- 2000 Felony possession of a controlled substance (cocaine), Kankakee County Circuit Court, Kankakee, IL, Docket No. 99-CF-775 (PSR ¶ 29);

- 2000 Felony delivery of a controlled substance (cocaine), Kankakee County Circuit Court, Docket No. 00-CF-356 (PSR ¶ 30);

- 2004 Felony possession of a controlled substance (cocaine) with intent to deliver within 1,000 feet of school property, Kankakee County Circuit Court, Kankakee, IL, Docket No. 03-CF-562 (PSR ¶ 32); and

- 2010 Felony possession of a controlled substance (cocaine), Kankakee County Circuit Court, Kankakee, IL, Docket No. 08- CF-67 (PSR ¶ 36).

*States*, No. 16-3415 (7th Cir. 2016).

On February 22, 2021, Speed filed the present § 2241 habeas corpus petition arguing that his sentence was incorrectly enhanced in light of *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). Dkt. 1-2. The United States responded, and Speed did not file a reply.

## II. Section 2241 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Id.* (*citing, e.g.*, *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123)). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

The Seventh Circuit has established a three-part test to determine whether a petitioner is entitled to relief under the saving clause:

3

> To pursue relief under § 2241, a petitioner must establish that "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice."

*Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

### III. Discussion

Speed's "ability to pursue relief under § 2241 depends on establishing that he was unable, in his prior § 2255 proceedings, to advance the arguments he now raises to challenge his sentence." *Gamboa v. Daniels*, 26 F.4th 410, 416 (7th Cir. 2022). Speed argues that he is entitled to relief under *Ruth. See* dkt. 2. The United States responds that Speed's argument is not cognizable because it fails the savings clause test. Dkt. 14 at 11. Specifically, Speed does not rely on any rule that he could not have invoked in his original motion under § 2255. *Id.*

In *Ruth,* the defendant argued on direct appeal that his Illinois drug conviction for possession with intent to deliver cocaine did not qualify as a "felony drug offense" under 21 U.S.C. § 851, or as a "controlled substance offense" under the Sentencing Guidelines. *Ruth*, 966 F.3d at 645. The Seventh Circuit explained that these arguments are based on the theory that the Illinois statute is categorically broader than federal law. *Id.* To determine whether the prior Illinois conviction is a "felony drug offense" within the meaning of federal law, the Court applied the *Taylor* categorical approach. *Id.* at 646 (citing *Taylor v. United States*, 495 U.S. 575 (1990)). "Under the categorical approach, courts look solely to whether the elements of the crime of conviction match the elements of the federal recidivism statute. *Id.* "If, and only if, the elements of the state law mirror or are narrower than the federal statute can the prior conviction qualify as a predicate felony drug offense." *United States v. De La Torre*, 940 F.3d 938, 948 (7th Cir. 2019).

4

The Seventh Circuit ultimately held that the Illinois statute Ruth was convicted of was broader than the definition of a "felony drug offense" as that term is used in the Controlled Substances Act, 21 U.S.C. § 802(44), and thus Ruth was entitled to be resentenced without the § 851 enhancement. *Ruth*, 966 F.3d at 650 ("Ruth's 2006 Illinois conviction under 720 ILCS 570/401(c)(2) is not a predicate 'felony drug offense' that triggers 21 U.S.C. § 841(b)(1)(C)'s sentencing enhancement."). Meanwhile, the Seventh Circuit found that Ruth's Illinois drug conviction did qualify as a "controlled substance offense" as that term is defined by U.S.S.G. § 4B1.1(a) because "[t]he career-offender guideline defines the term controlled substance offense broadly, and the definition is most plainly read to 'include state-law offenses related to controlled or counterfeit substances punishable by imprisonment for a term exceeding one year.'" *Ruth*, 966 F.3d at 654 (quoting *United States v. Hudson*, 618 F.3d 700, 703 (7th Cir. 2010)).

Most relevant to Speed's petition for a writ of habeas corpus is the fact that *Ruth* did not introduce a new rule of statutory interpretation that was previously unavailable. "The 'basis and authority' for *Ruth* were in place since 1990, when the Supreme Court first laid out the categorical approach in *Taylor v. United States*, 495 U.S. 575, 600 [] (1990), and when the relevant portions of the Illinois and federal drug statutes had taken their current form. The enterprising defendant in Ruth only recently seized upon it." *White v. United States*, 8 F.4th 547, 556 (7th Cir. 2021). As far back as 2013, a challenge to "cocaine delivery predicate offenses was neither novel—at least as case law has defined that term—nor foreclosed." *Id.* at 557. *See also Kelso v. Quintana*, No. 21-3350, 2022 WL 2072485, at *2 (7th Cir. June 9, 2022) (explaining that *Ruth* "'appl[ied] the *Taylor* categorical approach. . . ."). Thus, Speed "could have made a *Ruth*-like argument in the district court, on direct appeal, or in his first § 2255 motion based solely on Supreme Court precedent as understood at the time of those proceedings." *Kelso*, 2022 WL 2072485, at *2 (citing *Taylor*, 495

U.S. 575). Speed cannot invoke *Ruth* for a belated opportunity to make the argument now. *See, e.g., Blue v. Williams*, 824 F. App'x 419, 421 (7th Cir. 2020) (concluding that habeas relief was not available because petitioner "could have raised the same arguments in his original motion under § 2255."); *Parker v. Sproul*, No. 18-1697, 2022 WL 258586, at *3 (7th Cir. Jan. 27, 2022) ("But it is not enough that our post-*Mathis* cases support Parker's claim if he could have made the same arguments without relying on these cases.").

Speed is not entitled to relief under the savings clause because he has not established that he was previously unable to advance the arguments he now raises to challenge his sentence. *See Chazen,* 938 F.3d at 856.

### IV. Conclusion

Speed's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 4/21/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JERMAINE SPEED
19676-026
CHICAGO RRM
200 W. Adams Street
Room 2915
Chicago, IL 60606

All Electronically Registered Counsel